UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ANDREW DYE,

           Petitioner,

v.                              Case No. 3:11-cv-1147-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

           Respondents.
_____

**ORDER**

**I. Status**

Petitioner James Andrew Dye, initiated this action on November 15, 2011,[1] pursuant to the mailbox rule, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition, Dye challenges a 1986 state court (Clay County, Florida) judgment of conviction for first degree murder. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Response; Doc. 7) with exhibits (Resp. Ex.). On

---

[1] Dye filed the Petition in this Court on November 18, 2011; however, giving Dye the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Dye handed it to the prison authorities for mailing to this Court (November 15, 2011). See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Dye the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

December 1, 2011, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 5), admonishing Dye regarding his obligations and giving Dye a time frame in which to submit a reply. Dye submitted briefs in reply. <u>See</u> Amended Reply (Doc. 13); Reply (Doc. 10). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

>>presented could have been discovered through the exercise of due diligence.
>
>>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Like the vast majority of federal habeas petitions, § 2244(d)(1)(A) establishes the limitations period for Dye's claim.

Respondents contend that Dye has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On September 12, 1986, Dye entered a plea of no contest to one count of first degree premeditated murder. Resp. Ex. 1, Transcript of the Plea Proceedings (Tr.). The court sentenced Dye to a term of life imprisonment with a minimum mandatory term of twenty-five years, in which Dye would not be eligible for parole. Resp. Ex. 2, Judgment; Tr. at 12. Dye did not appeal the judgment and sentence. Thus, his conviction became final thirty days later on Monday, October 13, 1986.[2] See Fla. R. App. P. 9.140(b)(3); Saavedra v. State, 59 So.3d 191, 192 (Fla. 3rd DCA 2011); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when

---

[2] See Resp. Ex. 17, Order Denying Defendant's Motion for Post Conviction Relief at 2 (stating Dye's conviction and sentence became final on October 13, 1986).

a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires).

Over three years later, on December 12, 1989, Dye filed a pro se motion for post conviction relief. The State responded and submitted Jefferson Morrow's affidavit. Resp. Ex. 4. On February 21, 1990, the trial court denied Dye's request for post conviction relief and found that the motion was untimely filed. Resp. Ex. 5. On appeal, Dye filed a pro se brief, see Resp. Ex. 6; the State filed an answer brief, see Resp. Ex. 7; and Dye filed a reply brief, see Resp. Ex. 8. On April 1, 1991, the appellate court affirmed the trial court's denial per curiam, see Dye v. State, 578 So.2d 1104 (Fla. 1st DCA 1991); Resp. Ex. 9, and later denied Dye's motion for rehearing on May 2, 1991, see Resp. Exs. 10; 11. The mandate issued on May 20, 1991. Resp. Ex. 12.

The one-year limitations period in Dye's case began to run on April 24, 1996, the effective date of the AEDPA. Accordingly, the limitations period expired on April 24, 1997. See Cole v. Warden, Georgia State Prison, No. 13-12635, 2014 WL 4958079, at *2 (11th Cir. Oct. 6, 2014) (citation omitted). The Petition, filed on November 15, 2011, is due to be dismissed as untimely unless Dye can avail himself of one of the statutory provisions which extends or tolls the limitations period.

4

Nearly thirteen years after the expiration of the one-year limitations period, Dye filed a second pro se motion for post conviction relief on March 8, 2010. Resp. Ex. 13. In the request, Dye asserted that, prior to his acceptance of the plea, counsel incorrectly advised him that he would be paroled after serving the initial twenty-five year minimum mandatory term if he "maintained a relatively clean prison disciplinary record." Id. at 4. When Dye was denied parole after a January 27, 2010 hearing, he argued that this denial constituted newly-discovered evidence that his counsel had misadvised him regarding his eligibility for parole. Id. The State responded to Dye's request for post conviction relief, see Resp. Ex. 15, and Dye replied, see Resp. Ex. 16. The trial court denied Dye's request for post conviction relief finding that the motion was untimely filed and successive, and that his claim did not qualify as newly-discovered evidence. Resp. Ex. 17. The court later denied Dye's motion for rehearing. Resp. Exs. 18; 19. On appeal, the parties did not file briefs. On August 9, 2011, the appellate court affirmed the trial court's denial per curiam, see Dye v. State, 71 So.3d 119 (Fla. 1st DCA 2011); Resp. Ex. 21, and later denied Dye's motion for rehearing on October 7, 2011, see Resp. Exs. 22; 23. The mandate issued on October 25, 2011. Resp. Ex. 24.

Dye asserts that the one-year limitations period began on January 27, 2010, pursuant to 28 U.S.C. § 2244(d)(1)(D), when he

"learned for the first time his attorney's advice that he would be paroled if he maintained a relatively clean record was belied by his first parole review." Reply at 4. Even assuming that the one-year limitations period began on January 27, 2010, Dye's Petition is still untimely filed in this Court. The pendency of Dye's March 8, 2010 Rule 3.850 motion did not toll the running of the one-year limitations period because the motion was not properly filed. See Resp. Ex. 17, Order Denying Defendant's Motion for Post Conviction Relief, filed April 20, 2011, at 2 ("As an initial matter, the instant Motion is untimely in that it was filed more than two years after the judgment and sentence based on Defendant's plea became final on October 13, 1986."); Rich v. Sec'y for Dep't of Corr., 512 F. App'x 981, 983 (11th Cir. 2013) (per curiam). Although Dye argues that the claim raised in his Rule 3.850 motion qualified for an exception to Florida's time requirements under Rule 3.850, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).

Given the record, Dye's November 15, 2011 Petition is untimely filed and due to be dismissed unless Dye can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted). The burden is on Dye to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Here, Dye simply has not met the burden of showing that equitable tolling is warranted.

As to Dye's claim of actual innocence, see Amended Reply at 2, this Court finds that he has not made the requisite showing. To make a showing of actual innocence, Dye must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of a petitioner's showing, the Supreme Court has stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent

7

> judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 329; see also Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted). Moreover, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." McQuiggin v. Perkins, 133 S.Ct. 1924, 1935 (2013). Again stressing that "the Schlup standard is demanding[,]" the Supreme Court stated: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 1936 (quoting Schlup, 513 U.S. at 316).

Here, Dye has not offered any new reliable evidence that was not available at the time of his plea. He has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available at the time of

his plea. Indeed, he has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006).

Dye has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Dye seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Dye "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    If Dye appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of October, 2014.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 10/8
c:
James Andrew Dye
Ass't Attorney General (Conley)